Thomas Daniel Laipply, Juris Doctor
(Awaiting Texas Bar Licensure)
California Bar Candidate

Evangelina Star Laipply

*Plaintiffs*
*Litigants Pro Se*

The Laipply Firm
P.O. Box 1284
Converse, Texas 78109
916-213-4294
the.laipply.firm@gmail.com

FILED

JUN 0 6 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| THOMAS DANIEL LAIPPLY, EVANGELINA STAR LAIPPLY, | Case No. 2:22-CV 0984-TLN DB PS |
| Plaintiffs, | **COMPLAINT FOR A CIVIL CASE** |
| vs. | **Jury Trial Requested** |
| THOMAS CHARLES LAIPPLY, LAUREL LAIPPLY, HEIDI C. RAVELING, KATHRYN M. SAAVEDRA, JAIME Z. SAAVEDRA, | |
| Defendants. | |

## COMPLAINT FOR A CIVIL CASE

**Now come the Plaintiffs**, Thomas Daniel Laipply and Evangelina Star Laipply, and file this Complaint for a Civil Case. In support thereof the Plaintiffs respectfully show the Court and allege as follows:

*Laipply v. Laipply Civil Complaint*     1

# PARTIES

1. Thomas Daniel Laipply, Plaintiff
   7210 Glen Cross Drive
   San Antonio, Texas 78239
   the.laipply.firm@gmail.com
   210-842-8298
   Occupation: Lawyer/Bar Candidate, Small Business Owner, e-Commerce Sales

2. Evangelina Star Laipply, Plaintiff
   7210 Glen Cross Drive
   San Antonio, Texas 78239
   the.laipply.firm@gmail.com
   210-861-5370
   Occupation: Small Business Owner, e-Commerce Sales, Mother

3. Thomas Charles Laipply, Defendant
   1847 Sierra Road
   West Sacramento, California 95691
   wmlaip@gmail.com
   858-354-2670
   Occupation: Medical Doctor/Oncologist/Pathologist/Investor

4. Laurel Laipply, Defendant
   1847 Sierra Road
   West Sacramento, California 95691
   laurellaipply@yahoo.com
   760-450-6729
   Occupation: California Real Estate Broker/Investor

5. Heidi C. Raveling, Defendant
   2810 Pitzer Cr.
   West Sacramento, CA 95691
   heidi.raveling@gmail.com
   916-812-9609
   Attorney

6. Kathryn M. Saavedra, Defendant
   2585 Danube Dr.
   Sacramento, CA 98528
   klaipply@gmail.com
   858-336-4402
   Attorney, Homemaker

7. Jaime Z. Saavedra, Defendant
   2585 Danube Dr.
   Sacramento, CA 98528
   jaimesaavedraz@gmail.com

*52-55-26736
Attorney, Liquor Salesman

## JURISDICTION AND VENUE

This Court has jurisdiction over this action under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy, $222,500.00, surpasses the jurisdictional threshold of $75,000.01.

Venue is proper in the United States District Court, For the Eastern District of California, Sacramento Division pursuant to 28 U.S.C. § 1391, because all of the events or omissions giving rise to this cause of action took place in this Judicial District, and because the property that is the subject of the cause of action is located in this Judicial District.

## STATEMENT OF CLAIM

The property at 1847 Sierra Road, West Sacramento, California 95691 was owned by the Plaintiffs Thomas and Laurel Laipply. The property was exclusively the residence of the Plaintiffs from 06/08/2019 – 10/14/2019. The Defendants Thomas and Laurel Laipply leased the property to the Plaintiffs beginning on 06/08/2019. The Plaintiffs were the only occupants of the residence from 06/08/2019 – 10/14/2019, and had an exclusive right of access to and use of the property. In relation to the Plaintiffs' exclusive right of access to and use of the property, the Defendants engaged in civil theft, civil extortion (blackmail), defamation, illegal eviction, assault and battery, negligence, negligent infliction of emotional distress, fraud, abuse of process, and intentional infliction of emotional distress.

## I.  Count 1: Civil Theft

On 10/14/2019, the Plaintiffs confirmed that Defendants Jaime Z. and Kathryn M. Saavedra had removed the personal belongings of the Plaintiffs from 1847 Sierra Road, West Sacramento, CA 95691, at the instruction of the Defendants, Thomas and Laurel Laipply, and without the Plaintiffs' consent. Kathryn M. Saavedra is the sister of Plaintiff Thomas Daniel Laipply and daughter of the Defendants Thomas Charles and Laurel Laipply. Defendants Jaime Z. and Kathryn M. Saavedra have held the Plaintiffs belongings since this date and have not returned the belongings.

Defendant Jaime Z. Saavedra acknowledged his theft of the Plaintiffs personal property in emails and phone calls on 10/13/2019 and 10/14/2019. Defendant Jaime Z. Saavedra also indicated in his emails that either he or Defendant Kathryn M. Saavedra needed to be contacted if the Plaintiffs wanted their property returned, and that he had been instructed by the Defendant Thomas Charles Laipply to steal the Plaintiffs property, hold the Plaintiffs property, and threaten and blackmail the Plaintiffs.

Additionally, as detailed in Count 3 below, and in the police report related to Count 4 below, the Plaintiffs Jeep, registered to and owned by Plaintiff Thomas Daniel Laipply, was mechanically disabled and unlawfully locked inside the garage of 1847 Sierra Road after the Plaintiffs Thomas Charles and Laurel Laipply illegally evicted the Plaintiffs. The keys to the vehicle were locked inside the residence. The Plaintiffs did not regain possession of the vehicle until police intervention occurred on 10/14/2019.

## II.  Civil Extortion (Blackmail)

Defendant Jaime Z. Saavedra is a licensed attorney in the State of California, he therefore knew that his emails and phone calls on 10/13/2019 and 10/14/2019 were wrongful. Regardless of

his knowledge of the law, Defendant Jaime Z. Saavedra carried out threats of holding the stolen property of the Plaintiffs unless he or Defendant Kathryn M. Saavedra were contacted. Defendant Jaime Z. Saavedra indicated in his emails that he had been instructed by the Defendant Thomas Charles Laipply to steal the Plaintiffs property, hold the Plaintiffs property, and threaten and blackmail the Plaintiffs. When the Plaintiffs complied and contacted Defendant Jaime Z. Saavedra, the Defendant file the fraudulent restraining order detailed below, claiming that the Plaintiff Thomas Daniel Laipply would not leave him alone and was "obsessed with murder."

### III. Count 2: Defamation

The emails sent by Defendant Jaime Z. Saavedra on 10/13/2019 and 10/14/2019 constitute defamation. The emails contained allegations the Defendant knew to be false, including claims that the Plaintiff Thomas Daniel Laipply had engaged in improper conduct towards his family, illegal actions, and that he was being investigated by the police. The Defendant Jaime Z. Saavedra published these false allegations by sending his emails to all of Plaintiff Thomas Daniel Laipply's direct family members. The emails were sent at the direction of Defendant Thomas Charles Laipply, establishing his liability for defamation as well.

The defamatory conduct of the Plaintiffs Jaime Z. Saavedra and Thomas Charles Laipply have caused the Plaintiff Thomas Daniel Laipply reputational harm, stress related medical complications, and lost wages and earnings as a result of emotional distress.

### IV. Count 3: Illegal Eviction

On 10/14/2019, the Plaintiffs discovered that the locks at 1847 Sierra Road had been unlawfully changed and security cameras had been installed. Although the Defendants Jaime Z. and

Kathryn M. Saavedra had stolen personal property belonging to the Plaintiffs from 1847 Sierra Road, a large amount of the Plaintiffs' personal property still remained inside the residence. As noted above, the Plaintiffs' Jeep was in the closed, locked garage. The Plaintiffs other personal property remaining inside the residence included necessities, food, clothing, shoes and boots, jewelry, cash, checks, documents and files, books, bedding, furniture, small appliances, exercise equipment, and a hot tub.

The unlawfully changed locks necessitated the hiring of a locksmith by the Plaintiffs to regain entry to the residence and recover their belongings. The unlawful exclusion of the Plaintiffs by the Defendants Thomas and Laurel Laipply is detailed in the police report related to Count 4. Officers at the residence on 10/14/2019 noted in their report that "it was established that the [Plaintiffs] had tenancy rights" and had a "reasonable, lawful expectation of access to the residence."

The illegal eviction of the Plaintiffs by the Defendants Thomas and Laurel Laipply caused the Plaintiffs emotional distress and financial injury, which is ongoing. The Plaintiffs incurred expenses related to hotel room rental, shipping costs, airline tickets, rental truck expenses, replacement costs for necessities, food and clothing, and ongoing storage costs to store property recovered from the residence. Furthermore, the Plaintiffs Jeep was towed from the residence, but because it had been mechanically disabled by the Plaintiffs, it was ultimately abandoned. This abandonment resulted in not only loss of the vehicle, but also towing and impound fees as a result of the abandoned vehicle being towed and impounded.

## V.   Count 4: Assault and Battery

On 10/14/2019, shortly after the Plaintiffs regained entry to 1847 Sierra Road to recover their belongings, Heidi C. Raveling, sister of the Plaintiff Thomas Daniel Laipply and daughter of the Defendants Thomas Charles and Laurel Laipply, arrived with a metal bat in hand. Heidi C. Raveling

was sent by Defendant Thomas Charles Laipply to attempt to forcefully eject the Plaintiffs from the property, with the use of a metal bat.

While Defendant Heidi C. Raveling assaulted and battered the Plaintiffs, the other named Defendants watched live video feed of the altercation on the newly installed video surveillance cameras. Additionally, Defendant Heidi C. Raveling was on the phone with Kathryn M. Saavedra during the attack, detailing the events as they unfolded.

West Sacramento police officers responded to the scene and arrested Defendant Heidi C. Raveling for assault with a deadly weapon and intent to cause great bodily injury. A police report was prepared by the officers concerning both the assault and the illegal eviction, as explained above.

The attack by Defendant Heidi C. Raveling caused physical injury to the Plaintiffs and has caused ongoing emotional distress, stress related medical conditions, sleep disorders, recurring nightmares, eating disorders, and lost wages and earnings.

## VI.  Count 5: Negligence

The Defendants Thomas Charles and Laurel Laipply are the owners of 1847 Sierra Road; as such they owed a duty to the Plaintiffs to protect them from physical injury at the property and to protect from loss of personal property. The Plaintiffs suffered both physical injury at the property and loss of personal property. The Plaintiffs Thomas Charles and Laurel Laipply were the direct but for and proximate cause of the physical and financial injury to the Plaintiffs. Furthermore, the Defendants Thomas Charles and Laurel Laipply played a direct role in planning and carrying out the injuries suffered by the Plaintiffs. The conduct and actions of the Plaintiffs Thomas Charles and Laurel Laipply satisfy fully the elements of a prima facie case of negligence.

## VII. Count 6: Negligent Infliction of Emotional Distress

The Defendants' negligence, outlined above, caused and continues to cause the Plaintiffs severe emotional distress, stress related medical conditions, sleep disorders, recurring nightmares, eating disorders, and lost wages and earnings.

## VIII. Count 7: Fraud and Abuse of Process

On 10/18/2019, Defendant Thomas Charles Laipply filed a fraudulent restraining order against Plaintiff Thomas Daniel Laipply claiming that the Plaintiff had forced his way into the Defendant's residence and would not leave. The property at 1847 Sierra Road is in West Sacramento, California. The Defendant Thomas Charles Laipply had a private process server attempt service of process at the Plaintiffs' home in San Antonio, Texas two days after filing of the fraudulent restraining order. Service of process on the Plaintiff Thomas Daniel Laipply was completed at an Olive Garden restaurant in San Antonio, Texas.

On 10/24/2019, Defendant Jaime Z. Saavedra filed a fraudulent restraining order against Plaintiff Thomas Daniel Laipply claiming that Plaintiff Thomas Daniel Laipply had broken into his father-in-law's home, would not leave the Defendant Jaime Z. Saavedra alone, and was "obsessed with murder." These claims were made by the Defendant Jaime Z. Saavedra, despite the fact that the Defendant's emails to the Plaintiff Thomas Daniel Laipply on 10/13/2019 and 10/14/2019 stated that the Plaintiff needed to contact him. This fraudulent restraining order was also served on the Plaintiff Thomas Daniel Laipply at the same Olive Garden restaurant in San Antonio, Texas.

These outrageous actions and conduct by the Defendants Thomas Charles Laipply and Jaime Saavedra, outlined above, have caused severe emotional distress and continue to cause the Plaintiffs severe emotional distress, stress related medical conditions, sleep disorders, recurring nightmares, eating disorders, and lost wages and earnings.

*Laipply v. Laipply Civil Complaint*   8

## IX. Count 8: Intentional Infliction of Emotional Distress

The conduct and actions outlined above, of all named Defendants, was extreme and outrageous. The conduct and actions were intended to cause not only physical and financial injury but also severe emotional distress. The conduct and actions of the Defendants, outlined above, have caused severe emotional distress and continue to cause the Plaintiffs severe emotional distress, stress related medical conditions, sleep disorders, recurring nightmares, eating disorders, and lost wages and earnings.

## PRAYER

For the reasons above, the Plaintiffs seek a judgment against the Defendants for damages in the amount of $222,500.

Additionally, the Plaintiffs seek:

a. any other damages or amounts deemed appropriate or sufficient by the trier of fact;

b. attorney's fees;

c. costs of court;

d. interest allowed by law for prejudgment or post-judgment interest; and

e. such other and further relief at law or in equity as the Court deems just and proper, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Under Rule 38 the Plaintiffs respectfully request trial by jury on all issues so triable. Fed. R. Civ. P. 38(b).

Respectfully submitted,

*[signature]*

Thomas Daniel Laipply, Juris Doctor
July 2021 Texas Bar Passage (Awaiting Texas Bar Licensure)
California Bar Candidate

*[signature]*

Evangelina Star Laipply

*Plaintiffs*
*Litigants Pro Se*

The Laipply Firm
7210 Glen Cross Drive
San Antonio, Texas 78239
210-842-8298
the.laipply.firm@gmail.com