UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DANIEL LAIPPLY; EVANGELINA STAR LAIPPLY,<br><br>Plaintiff,<br><br>v.<br><br>HEDI C. RAVELING,<br><br>Defendant. | No.  2:22-cv-0984 DJC DB PS<br><br><br>ORDER |

Plaintiffs Thomas Daniel Laipply and Evangelina Star Laipply are proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the undersigned are plaintiffs' motion for a 90-day extension of time to serve the defendant and a motion for alternative service of process on the defendant.  (ECF Nos. 12 & 13.)

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.

> Rule 4(m) provides two avenues for relief.  The first is mandatory: the district court must extend time for service upon a showing of good cause.  The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

1

1   Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587
2   F.3d 1188, 1198 (9th Cir. 2009)).  Here, plaintiffs' motion establishes good cause to grant an
3   extension of time, as does plaintiffs' motion for alternative service.
4        In this regard, in their motion for alternative service plaintiffs explain that they employed
5   "ABC Legal Services" to serve the defendant.  (ECF No. 13 at 2.)  The process server "made
6   contact with a male individual at the Defendant's address, believed to be the husband of the
7   defendant."  (Id.)  The individual "confirmed that the Defendant lives at the address," but asserted
8   that the defendant "was 'not available.'"  (Id.)  Further attempts at service were made without a
9   response.  (Id.)  Plaintiffs, therefore, "request permission" for alternative service "via posting" at
10  the defendant's home.  (Id.)
11       Pursuant to Rule 4, service may be accomplished by "following state law for serving a
12  summons in an action brought in courts of general jurisdiction in the state where the district court
13  is located or where service is made."  Fed. R. Civ. P. 4 (e)(1).  "Alternative service is permissible
14  where said service is 'reasonably calculated to give actual notice to the party to be served.'"
15  Sendzul v. Hoag, Case No. CV 21-6894 RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14,
16  2022) (quoting Cal. Civ. Proc. Code § 413.30).  "The Supreme Court has long recognized that no
17  one form of substitute service is favored over any other so long as the method chosen is
18  reasonably calculated, under the circumstances of the particular case, to give the defendant actual
19  notice of the pendency of the lawsuit and an opportunity to present his defense."  International
20  Controls Corp. v. Vesco, 593 F.2d 166, 176 (2nd Cir. 1979).
21       Here, plaintiffs' motion is supported by a declaration of non-service at the addressee
22  identified as defendant's and signed by a process server for "ABC Legal Services, LLC."  (ECF
23  No. 13 at 5.)  Moreover, attached to plaintiffs' third amended complaint is a police report.  That
24  document appears to reflect defendant's name and address, which is the same address at which
25  the process server attempted service.  (Third Am. Compl. (ECF No. 11) at 11.)  Under these
26  circumstances, the undersigned will grant plaintiffs' motion for alternative service.  See Rio
27  Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) ("trial courts have
28  authorized a wide variety of alternative methods of service including publication, ordinary mail,

mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' November 4, 2022 motion for a 90-day extension of time to serve defendant (ECF No. 12) is granted;

2. Plaintiffs' February 21, 2023 motion for alternative service (ECF No. 13) is granted;

3. Within 90-days of the date of this order plaintiffs shall serve defendant in compliance with the Federal Rules of Civil Procedure or by posting a copy of the summons, complaint, and this order at the defendant's last known address; and

4. Within fourteen days thereafter plaintiffs shall file proof of service on the defendant.

Dated:  April 5, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\laipply098.alt.serv.ord